J-S11003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CLIFFORD GUESMAN AND LORI GUESMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIA BEER AND COLBY BROWN | : | |
| | : | No. 1298 WDA 2021 |
| v. | : | |
| | : | |
| JOY BROWN | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered October 7, 2021
In the Court of Common Pleas of Greene County
Civil Division at No(s):  A.D.No. 742-2019

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                     **FILED: APRIL 12, 2022**

Joy Brown ("Grandmother") appeals from the order dismissing her petition to intervene and seek custody rights of her granddaughter ("Child"). She argues the trial court erred in concluding she had not established standing pursuant to 23 Pa.C.S.A. § 5324(3)(iii)(B). We conclude the trial court did not err, and therefore affirm.

The essential factual background of this appeal is uncontested. Brown's son, appellee Colby Brown ("Father"), is the natural father of Child, and

appellee Tia Beer ("Mother") is the natural mother.[1] Shortly after Child's birth, Father's aunt and uncle, appellees Clifford and Lori Guesman, assumed *in loco parentis* status for Child. Both Father and Mother suffered from substance abuse issues, and Father was incarcerated. The Guesmans subsequently filed a custody complaint against Mother and Father.

The Guesmans, Mother, and Father entered into several agreed upon custody arrangements, memorialized in court orders. The most recent, after Father was no longer incarcerated and filed on September 23, 2020, provided for shared legal custody amongst the parties, primary physical custody with the Guesmans, and partial physical custody for Mother and Father. Through agreement with the Guesmans, Mother, and Father, Grandmother had substantial visitation privileges with Child, including regularly scheduled overnight stays at Grandmother's home.

On June 23, 2021, Grandmother filed a petition to intervene and modify custody. She asserted she wished to formalize her visitation rights, and that Mother and Father's parenting abilities had been compromised by their substance abuse history. The Guesmans filed preliminary objections including an assertion that Grandmother had failed to effect proper service of her petition. The Guesmans also objected to Grandmother's standing to intervene.

---

[1] We note that some handwritten documents in the certified record indicate that Mother's name is Tina Beer. However, on most relevant documents, she is listed as Tia Beer, and the hearing transcript indicates that Tia is what she calls herself.

After holding a hearing, the trial court found that Grandmother had properly effected service of her petition. However, the court ruled that Grandmother had failed to establish the factual predicate for standing and dismissed her petition.

Grandmother filed this timely appeal but did not attach a statement of matters complained of on appeal as required by Pa.R.A.P. 1925(a)(2).[2] This Court directed her to file the required statement within 12 days in the trial court and in this Court. Grandmother timely filed her statement in the trial court, but neglected to file a copy with this Court. The failure to comply with this Court's order to file the required statement in this Court could cause waiver of any issue on appeal. While we do not condone the failure to abide by the Rules of Appellate Procedure, we conclude that our review of the single issue on appeal is not hampered by the failure to file the statement with this Court. We therefore decline to impose the harsh sanction of waiver.

On appeal, Grandmother contends the trial court erred in finding she did not have standing to seek a modification of custody. She is not challenging the trial court's construction of statutory language; instead, she claims the trial court "abused its discretion in misapplying the facts of the case to the clear statutory language of [23 Pa.C.S.A. § 5324.]" Appellant's Brief, at 5. As such, we defer to the credibility and weight assessments of the trial court,

_____

[2] The trial court's order is an appealable collateral order. *See K.C. v. L.A.*, 128 A.3d 774, 781 (Pa. 2015).

- 3 -

who had the opportunity to observe evidence and witnesses first-hand. ***See V.B. v. J.E.B.***, 55 A.3d 1193, 1197 (Pa. Super. 2012). We can reverse only if the conclusions of the trial court constitute an error of law or are unreasonable when considering the evidence in the record. ***See id***. Since custody cases are fluid, a court should assess the circumstances as they currently exist when determining standing. ***See M.W. v. S.T.***, 196 A.3d 1065, 1071 (Pa. Super. 2018).

Grandmother asserts she established the following statutory elements for standing as a grandparent:

(i) her relationship with the Child began with the consent of a parent;

(ii) she is willing to assume responsibility for the Child; and

(iii) the Child is substantially at risk due to Mother and Father's substance abuse issues.

***See*** 23 Pa.C.S.A. § 5324(3). The trial court did not make any explicit factual findings. Instead, it simply found that "none of the enumerated reasons which establish standing of a grandparent in [23 Pa.C.S.A. § 5324] or [23 Pa.C.S.A. § 5325] are met on our facts." Trial Court Opinion, 10/6/21, at 2. On appeal, Grandmother does not argue that she is entitled to relief pursuant to Section 5325. Further, the only controversy at trial or on appeal under Section 5324 was whether Child is substantially at risk due to Mother and Father's substance abuse history.

- 4 -

Given our standard of review, we presume the trial court found Child was not substantially at risk due to her parents' substance abuse history. On this point, Grandmother argues that *G.A.P. v. J.M.W.* is directly controlling. There, both parents actively suffered from drug abuse, and father had a criminal history. *See id*., 194 A.3d 614, 615 (Pa. Super. 2018). After litigation between the father, mother and maternal great-grandparents of the child, the trial court awarded maternal great-grandparents primary physical custody, while the father had supervised partial physical custody. *See id*., at 616.

Approximately six months after that order, the trial court granted maternal great-grandparents' request for special relief, and suspended father's partial, supervised physical custody due to the father's relapse. *See id*. Shortly thereafter, the *paternal* grandparents filed a petition to intervene pursuant to Section 5324. *See id*. The trial court sustained the maternal great-grandparents' preliminary objection to the paternal grandparents' petition to intervene, and the paternal grandparents appealed. *See id*.

A panel of this Court reversed. *See id*., at 615. As is the case here, the only issue in dispute on appeal was whether the child was substantially at risk due to the parents' drug abuse. *See id*., at 617. However, unlike the present case,

> the trial court previously determined that the conditions necessary under Section 5324(3)(iii)(B), namely ongoing parental behaviors that would put Child at substantial risk, were present in order to grant standing to Maternal Great-Grandparents. Since that determination, there has been no change in the substantial risk that the parents created.

…

> Since parental rights have not been terminated or relinquished, it is possible for either parent to seek custody of Child. This possibility creates an ongoing risk to Child.

*Id*., at 618 (citations omitted).

Here, there is no previous finding that Child's parents' drug abuse history poses a substantial risk to Child. While Grandmother alleged in her petition that Mother and Father's "ability to parent has been compromised due to their long-running issues with drug abuse[,]" this allegation alone is not sufficient to establish that the Child is substantially at risk currently.[3] We therefore must turn to the evidence presented at the hearing.

Neither parent testified that they are currently engaging in drug abuse. Father testified that he has a long drug abuse history, and that he considers himself an addict, but he did not testify to any current drug abuse. *See* N.T., 9/7/21, at 19. While Mother did not testify to any drug abuse history, no party denied it. The only direct evidence in the record is Grandmother's testimony that, prior to 2020, Mother had been in drug abuse treatment. *See id*., at 53. This testimony falls short of establishing Mother and Father are currently suffering from drug abuse issues. In fact, when asked why she had filed the

---

[3] No party filed an answer to Grandmother's petition. The Guesmans filed preliminary objections which stated that "Grandmother does not allege the child is at risk and the child is not at risk." Preliminary Objections, 7/13/21, at 3.

petition to intervene and modify custody, Grandmother did not claim concern for Child's safety; she answered that she wanted to motivate Mother and Father "to get their act together to file to get their child back." *Id*., at 55.

As such, Grandmother has not established the court's findings were unreasonable when viewed against the evidence of record. *G.A.P.* is distinguishable, and the court did not abuse its discretion in finding that Child is not currently at substantial risk due to parents' drug abuse history.

Order affirmed.

Judge Sullivan joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/12/2022